OPINION
{¶ 1} Defendant-appellant, Carrie A. Zweifel ("Zweifel"), appeals a jury verdict from the Union County Court of Common Pleas which found her guilty of multiple counts of deception to obtain a dangerous drug and one count of theft. For the reasons that follow, we affirm Zweifel's convictions for deception to obtain a dangerous drug but reverse her conviction for theft.
 {¶ 2} This case involves a series of transactions in which Zweifel obtained multiple prescriptions for various scheduled painkilling drugs from four doctors over a span of several months.[1]
 {¶ 3} First, Zweifel visited Dr. Rao Lingam ("Dr. Lingam"). Dr. Lingam prescribed Lorcet for Zweifel in November 2003. Dr. Lingam also prescribed Duragesic patches for Zweifel three times between December 2003 and February 2004.
 {¶ 4} Next, Zweifel visited Dr. Maria Maxwell ("Dr. Maxwell"). Dr. Maxwell prescribed Vicodin, Percocet, extra-strength Vicodin, and Oxycontin for Zweifel on several occasions between November 2003 and February 2004.
 {¶ 5} Last, Zweifel visited two doctors in different branches of the Marysville Hospital. The first doctor, Dr. Roman Kovac ("Dr. Kovac"), prescribed Vicodin for Zwefiel in December 2003. The second doctor, Dr. Peter Hoy ("Dr. Hoy"), prescribed Percocet for Zweifel just five days later.
 {¶ 6} Zweifel did not disclose to Dr. Lingam, Dr. Maxwell, Dr. Kovac, or Dr. Hoy that the other doctors had prescribed painkilling drugs for her. Nor were any of the doctors aware of that fact. Dr. Lingam did, however, discover the concurrent prescriptions in February 2004 and immediately contacted Dr. Maxwell.
 {¶ 7} Several months later, the Union County Grand Jury indicted Zweifel on 29 counts related to her procurement of the prescriptions for the painkilling drugs. The counts pertinent to this appeal include the following: five counts of deception to obtain a dangerous drug in violation of R.C. 2925.22(A), (B)(2), felonies of the fifth degree; four counts of deception to obtain a dangerous drug in violation of R.C. 2925.22(A), (B)(1), felonies of the fourth degree; and one count of theft in violation of R.C. 2913.02(A)(3), a felony of the fifth degree.
 {¶ 8} The case against Zweifel proceeded to trial, and the jury found her guilty of each count at issue in this appeal. The trial court then imposed consecutive prison sentences on Zweifel for a cumulative prison term of 91 months.
 {¶ 9} Zweifel now appeals her convictions and sentence and sets forth three assignments of error for our review. For purposes of clarity, we address Zweifel's assignments of error out of the order she presented them to us in her brief.
 ASSIGNMENT OF ERROR NO. 3 The guilty verdicts on counts of Deception to Obtain aDangerous Drug pertaining to [Dr. Maxwell's prescriptions] werenot supported by the manifest weight of the evidence.
 {¶ 10} In her third assignment of error, Zweifel challenges her convictions for deception to obtain a dangerous drug on the counts which relate to the prescriptions Dr. Maxwell wrote Zweifel between November 2003 and February 2004. Specifically, Zweifel argues her convictions on those counts, and under R.C. 2922.25(A), are against the manifest weight of the evidence.
 {¶ 11} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "`[weigh] the evidence and all reasonable inferences, consider the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Additionally, a reviewing court must allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. State v. DeHass (1967),10 Ohio St.2d 230, 231, 227 N.E.2d 212.
 {¶ 12} R.C. 2925.22(A) provides in pertinent part: "No person, by deception, as defined in section 2913.01 of the Revised Code, shall procure the administration of, a prescription for, or the dispensing of, a dangerous drug * * *." R.C.2913.01(A) defines "deception" as follows:
[K]nowingly deceiving another or causing another to bedeceived by any false or misleading representation, bywithholding information, by preventing another from acquiringinformation, or by any other conduct, act, or omission thatcreates, confirms, or perpetuates a false impression in another,including a false impression as to law, value, state of mind, orother objective or subjective fact.
 {¶ 13} Dr. Lingam, Dr. Maxwell, Dr. Kovac, and Dr. Hoy all testified at trial regarding the painkilling drugs they prescribed for Zweifel, as well as the circumstances surrounding the prescriptions. In particular, Dr. Maxwell testified that she told Zweifel only one doctor should prescribe painkilling drugs to a patient, that she asked Zweifel whether any doctor had in fact prescribed painkilling drugs for her, and that Zweifel did not disclose a doctor who had done so. Dr. Maxwell further testified she would not have prescribed painkilling drugs for Zweifel between November 2003 and February 2004 if Zweifel had fully, accurately, and truthfully disclosed her prescription history.
 {¶ 14} To rebut Dr. Maxwell's testimony, Zweifel notes Dr. Maxwell admitted on cross-examination to prescribing painkilling drugs and other medications for Zweifel after Dr. Lingam and Dr. Maxwell learned of the concurrent prescriptions in February 2004. Based on this admission, Zweifel concludes Dr. Maxwell willingly prescribed excessive painkilling drugs for Zweifel and Dr. Maxwell's willingness to do so establishes Zweifel did not deceive Dr. Maxwell into writing prescriptions at any time.
 {¶ 15} Giving appropriate discretion to the trier of fact on matters relating to the weight of the evidence and the credibility of the witnesses, we find the jury did not clearly lose its way or create a manifest miscarriage of justice in this case. The evidence and testimony presented at trial support the jury's determination that Zweifel deceived Dr. Maxwell, as that term is defined in R.C. 2913.01(A), into prescribing painkilling drugs between November 2003 and February 2004. We must, therefore, conclude Zweifel's convictions for deception to obtain a dangerous drug are not against the manifest weight of the evidence.
 {¶ 16} Zweifel's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 The evidence presented at trial was insufficient to supportthe jury's guilty verdict as to Count [27] of the indictment,charging Theft, in that there was no evidence showing that anyparty was deprived of a service or property.
 {¶ 17} In her second assignment of error, Zweifel argues the prosecution did not present evidence and testimony sufficient to prove beyond a reasonable doubt that she committed theft in violation of R.C. 2913.02(A)(3).
 {¶ 18} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v.Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds in State v. Smith (1997), 80 Ohio St.3d 89,684 N.E.2d 668. When reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 19} R.C. 2913.02(A) provides: "No person, with the purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * (3) by deception * * *."
 {¶ 20} The prosecution alleged Zweifel stole painkilling drugs from the State of Ohio. It did not allege Zweifel stole the funds which she used to purchase the drugs. Notably, the prosecution's expert witness who testified regarding the theft offense only described the way Zweifel used her Medicaid card to pay for a portion of the cost of the painkilling drugs and the related expenditures on the card totaling approximately $2,083.30. However, there was no evidence in the record to prove ownership of the drugs by the State of Ohio. Without proof of this essential element beyond a reasonable doubt, theft of drugs has not been proven either.
 {¶ 21} Even when viewing the evidence and testimony in a light most favorable to the prosecution, we conclude under the particular facts of this case that the prosecution did not present evidence or testimony sufficient to prove Zweifel committed theft in violation of R.C. 2913.02(A)(3). This is because the evidence and testimony presented, if believed, could not convince a rational trier of fact of Zweifel's guilt beyond a reasonable doubt.
 {¶ 22} Zweifel's second assignment of error is sustained.
 ASSIGNMENT OF ERROR NO. 1 The trial court erred in imposing consecutive sentencespursuant to Revised Code 2929.14(E)(4).
 {¶ 23} In her first assignment of error, Zweifel argues the trial court violated her right to trial by jury when it made the findings necessary to impose consecutive prison sentences. Zweifel relies on the holding in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, to support her argument.
 {¶ 24} During the pendency of this case, the Ohio Supreme Court held portions of Ohio's felony sentencing framework — R.C.2929.14(B) and 2929.14(E)(4) — unconstitutional. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraphs one and three of the syllabus. Since the trial court sentenced Zweifel to consecutive sentences under R.C.2929.14(E)(4), we must vacate the sentence and remand this case to the trial court for further proceedings consistent Foster.
 {¶ 25} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court in part, we reverse the judgment of the trial court in part, we vacate the prison sentence at issue, and we remand this case to the trial court for further proceedings consistent with this opinion.
Judgment Affirmed in Part, Reversed in Part, and CauseRemanded.
 Bryant, P.J. and Rogers, J., concur.
[1] Federal and state law classify prescription drugs into "schedules" based on the risk of abuse and need for regulation. Section 812 et seq., Title 21, U.S. Code; Section 1308.11-.15, Title 21, C.F.R.; R.C. 3719.40 et seq. The painkilling drugs involved in this case include Schedule II narcotics, which have a high potential for abuse, and Schedule III narcotics, which have some potential for abuse. Id.